**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 16 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| DONG JIM HUANG, AKA Dong Jin Huang,<br><br>           Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>           Respondent. | No.   20-71879<br><br>Agency No. A209-153-121<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 12, 2021[**]
Seattle, Washington

Before:  BEA, BRESS, and VANDYKE, Circuit Judges.

Dong Huang petitions for review of the agency's determinations that she: (1) lacked credibility, (2) failed to establish an objectively reasonable fear of persecution, and (3) waived her claim for relief under the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1) over Petitioner's first two claims, but we lack jurisdiction over her CAT claim. We deny the petition in part and dismiss it in part.[1]

First, substantial evidence supports the agency's adverse credibility determination. *See Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020). Petitioner repeatedly omitted a key incident of alleged harm—the forced insertion of an intrauterine device (IUD) when she was in China—in her removal proceedings. *Cf. Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) ("[A]n adverse credibility determination may be supported by omissions that are not 'details,' but new allegations that tell a much different—and more compelling—story of persecution than the initial application." (citation, internal quotation marks, and brackets omitted)). And she initially explicitly denied any harm from Chinese family planning officials. *Cf. Singh v. Holder*, 638 F.3d 1264, 1270 (9th Cir. 2011) ("If the person cannot tell substantially the same story twice in substantially the same way, that suggests a likelihood that the story is false.").

Petitioner also provided contradictory testimony regarding how frequently she attended church, which, as the only evidence of her religious practice in China, directly undermined the heart of her religious persecution claim. *Cf. Shrestha v.*

---

[1] The parties are familiar with the facts, so we discuss them here only as necessary.

*Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010) ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). Her attempts to justify her omissions and inconsistencies were unpersuasive and at times contradictory—for example, she claimed that her contradictory testimony regarding her church attendance was she because she thought the prior questions were about other religions, even though her IJ hearing only focused on Christianity.

Petitioner also failed sufficiently to corroborate her testimony with readily accessible evidence, further supporting the agency's adverse credibility determination. *See Wang v. Sessions*, 861 F.3d 1003, 1008–09 (9th Cir. 2017). Given the totality of circumstances surrounding Petitioner's incomplete, contradictory, and unpersuasive representations, the record does not compel a conclusion contrary to the agency's adverse credibility determination. *See Silva-Pereira*, 827 F.3d at 1185; *Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011); 8 U.S.C. § 1158(b)(1)(B)(iii).

Second, substantial evidence supports the agency's determination that Petitioner failed to establish an objectively reasonable fear of persecution. *See Mukulumbutu*, 977 F.3d at 925. Petitioner only argues that the agency ignored evidence of a pattern and practice of persecution of Christians in China. But the single piece of evidence Petitioner cites—a religious freedom report—reveals that

China officially recognizes Christianity. The record does not compel reversal of the agency's determination that Petitioner failed to establish an objectively reasonable fear of persecution, especially considering the systematic, orchestrated, and severe mistreatment our court has determined to be necessary to succeed on a pattern and practice claim. *See Wakkary v. Holder*, 558 F.3d 1049, 1053–54, 1061 (9th Cir. 2009).

Third, Petitioner did not argue or even mention her CAT claim before the Board of Immigration Appeals (BIA). By failing to address this issue before the BIA, Petitioner has not exhausted her administrative remedies, which precludes our jurisdiction over this claim. *Vargas v. INS*, 831 F.2d 906, 907–08 (9th Cir. 1987). We therefore dismiss this claim for lack of jurisdiction.

**PETITION DENIED IN PART AND DISMISSED IN PART.**